**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CHESTER LANDRES MOORE, #1071741,** | § | |
| **Petitioner,** | § | |
| | § | **No. 3:04-CV-2093-H** |
| **v.** | § | **ECF** |
| | § | |
| **DOUGLAS DRETKE, DIRECTOR, TDCJ-CID,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions

and Recommendation of the Magistrate Judge are as follows:

**I.  Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional

Institutions Division.  He brings this petition for habeas corpus relief pursuant to 28 U.S.C.

§ 2254.

**II.  Background**

On November 9, 2001, Petitioner pled guilty to aggravated robbery.  *State of Texas v.*

*Chester Landres Moore*, No. F-0154249-KU (291st Dist. Ct., Dallas County, Tex., Nov. 9, 2001).

The court sentenced Petitioner to thirty years confinement.  Petitioner did not file an appeal.

On April 11, 2002, Petitioner filed a state application for writ of habeas corpus.  *Ex parte*

*Moore*, No. 51,777-02.  On July 10, 2002, the Court of Criminal Appeals denied the petition on

the findings of the trial court without a hearing.  On May 30, 2003, Petitioner filed a second state

application for habeas relief.  *Ex parte Moore*, Application No. 51, 177-03.  On August 13, 2003,

the Court of Criminal Appeals dismissed the application as successive.  On February 13, 2004,

Petitioner filed a third state petition for habeas relief.  *Ex parte Moore*, Application No. 51, 177-

04.  Petitioner's habeas petition requested permission to file an out-of-time appeal.  On April 14,

2004, the Court of Criminal Appeals dismissed the petition as successive.

On September 22, 2004, Petitioner filed this federal petition.  He argues: (1) the state

court refused to rule on his subsequent habeas petition to allow him to exhaust state remedies;

(2) he was denied the effective assistance of counsel; (3) he was denied the right to appeal; and

(4) the indictment was defective.

On December 2, 2004, Respondent filed an answer arguing that the petition is barred by

limitations.  On December 14, 2004, Petitioner filed his response.  The Court now finds the

petition is time-barred and should be dismissed.

## III.  Discussion

### (a) Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA

governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA

establishes a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism

and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).  In most cases, the

limitations period begins to run when the judgment becomes final after direct appeal or the time

for seeking such review has expired.  28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending.  *Id.* § 2244(d)(2).

Petitioner pled guilty on November 9, 2001.  He did not appeal his conviction.  The conviction therefore became final thirty days later on December 9, 2001.  *See* Tex. R. App. P. 26.2(a); *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues).  Petitioner then had one year, or until December 9, 2002, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations.  *See* 28 U.S.C. § 2244 (d)(2).  On April 11, 2002, Petitioner filed a state habeas application.  This application tolled the limitations period until July 10, 2002, when the Court of Criminal Appeals

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

> (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

denied the petition.  The state writ was therefore pending for 91 days.  When 91 days are added to the limitations period, the new deadline for filing a federal petition occurred on March 10, 2003.  Petitioner did not file his second state habeas application until May 30, 2003.  This petition, as well as Petitioner's third state habeas petition, were filed after the federal limitations period expired.  These petitions therefore did not toll the limitations period.

The one-year limitation period expired on March 10, 2003.  Petitioner did not file his federal petition until September 22, 2004.  His petition is therefore untimely.

### (b) Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner states that he filed his first state habeas petition in November, 2001, instead of on April 11, 2002.  The record reflects that on November 19, 2001, Petitioner filed a petition in the Court of Criminal Appeals that was entitled "Motion for Leave to File a Petition for Writ of Mandamus."  His motion to proceed *in forma pauperis* also stated that he was filing a petition

for writ of mandamus.  The pleadings, however, also included a document entitled "Application

for Writ of Habeas Corpus."  Petitioner's pleadings requested an order that he be placed in a

drug treatment program.  The Court of Criminal Appeals construed Petitioner's documents as a

motion for leave to file a writ of mandamus.  A petition for writ of mandamus does not toll the

limitations period. *See Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002) (finding a petition for

mandamus is not a "properly filed application for State post-conviction or other collateral review

with respect to the pertinent judgment.").  This petition therefore did not entitle Petitioner to

tolling of the limitations period.

Petitioner may also be arguing that he is entitled to equitable tolling based on his

counsel's alleged failure to inform him of his right to appeal.  Petitioner's claims do not establish

a basis for equitable tolling.  As the Fifth Circuit has stated:

> Whether [petitioner] had effective assistance of counsel on direct appeal in state
> court is not relevant to the question of the tolling the AEDPA's statute of
> limitations.  A criminal defendant has a right to effective assistance of counsel on
> a first appeal as of right.  An alleged violation of that right does not toll the
> AEDPA's statute of limitations.

*Molo v. Johnson*, 207 F.3d 773,775 (5th Cir. 2000); *see also, Moore v. Cockrell*, 313 F.3d 880

(5th Cir. 2002), *cert. denied*, 538 U.S. 969, 123 S.Ct. 1768 (2003) (finding counsel's delay in

notifying petitioner of the result of the direct appeal does not constitute a basis for equitable

tolling); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) ("[M]ere attorney error or neglect

is not an extraordinary circumstance such that equitable tolling is justified.").

Petitioner has not shown that he was prevented is some extraordinary way from asserting

his rights.  He has failed to show rare and exceptional circumstances justifying equitable tolling

in this case.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**        Page -5-

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 12th day of January, 2006.


_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).